**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNICE BROCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01453 SPM |
| | ) | |
| RICHARD ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner Kennice Brock's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. For the reasons discussed below, the Court will order Petitioner to show cause as to why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**Background**

After a jury trial in June of 2023, Petitioner was found guilty of murder in the first degree and armed criminal action. *State v. Brock*, No. 2122-CR00776-01 (22nd Jud. Cir., St. Louis City).[1] On July 28, 2023, Petitioner was sentenced to life without parole on the first-degree murder charge and fifteen years imprisonment on the armed criminal action charge. *Id*.

Petitioner filed a timely appeal of his conviction on August 7, 2023. *State v. Brock*, No. ED111907 (Mo.Ct.App. 2023). The Missouri Court of Appeals affirmed the judgment on October 29, 2024, and the mandate was entered on November 21, 2024. *Id*.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner filed his pro se Rule 29.15 motion for post-conviction relief on March 21, 2025.[2] *Brock v. State*, No. 2522-CC00641 (22nd Jud. Cir., St. Louis City). On February 10, 2026, the Circuit Court dismissed Petitioner's motion for post-conviction relief as untimely, finding that his motion should have been filed no later than 90 days after the date the mandate was issued by the Missouri Court of Appeals on November 21, 2024. *See id*. Because Petitioner filed his post-conviction relief motion approximately 30 days late and did not meet any exceptions for untimeliness, the Court dismissed the post-conviction motion as untimely on April 23, 2026. *Id.* Petitioner failed to file an appeal of the dismissal of his post-conviction relief motion.

Petitioner filed the instant action by placing his application for writ in the prison mailing system at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri on August 14, 2026. [ECF No. 1 at 17].

**Discussion**

Having reviewed the petition and the underlying state-court record, it appears that the petition is untimely. Therefore, Petitioner will be ordered to show cause why his application for writ of habeas corpus should not be summarily dismissed as time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one

[2] Petitioner's post-conviction motion was post-marked March 21, 2025. Although the Court docketed the motion as received on April 10, 2025, the Court found that for statute of limitations purposes, it was filed on March 21, 2025.

year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In this case, Petitioner timely filed his direct appeal of his conviction and sentence. *See State v. Brock*, No. ED111907 (Mo.Ct.App. 2023). However, he failed to file his post-conviction motion for relief under Missouri Supreme Court Rule 29.15 in a timely manner. *See Brock v. State*, No. 2522-CC00641 (22nd Jud. Cir., St. Louis City).

Missouri Supreme Court Rule 29.15(b) provides that a motion to vacate shall be filed within 90 days after the appellate court issues its mandate affirming the judgment and conviction. Ninety days after November 21, 2024, was February 19, 2025, and Petitioner did not file his post-conviction motion until March 21, 2025. Thus, the Circuit Court found that his motion was approximately 30 days late and subject to dismissal as untimely. Petitioner's post-conviction motion was dismissed on April 23, 2026. *Id*.

While a timely and properly filed post-conviction motion can toll the statute of limitations period, *see* 28 U.S.C. § 2244(d), the only post-conviction motion filed in this case was untimely. The Supreme Court has determined that an untimely post-conviction motion is not properly filed within the meaning of § 2244(d)(2) and cannot be used to toll the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (An application is filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record," and it is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").
Therefore, Petitioner's statute of limitations began when the mandate was issued on November

21, 2024, and continued to run through, and until the date Petitioner placed his application for writ of habeas corpus in the mail at ERDCC on August 14, 2026. It therefore appears that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

**Order to Show Cause**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. Here, as discussed above, it appears that Petitioner's application for writ of habeas corpus is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S 198, 210 (2006). As a result, the Court will order Petitioner to show cause, in writing and no later than 30 days from the date of this Order, why this action should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner shall show cause in writing within 30 days of the date of this Order why the Court should not dismiss his petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that Petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 18th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE